OPINION
{¶ 1} Appellant, Keith Dale Walker, appeals from the trial court's entry of judgment on a jury verdict convicting him of one count of possession of crack cocaine in violation of R.C.2925.11(A) and (C)(4)(b), a fourth degree felony. Appellant also appeals from the judgment entry of sentence. We affirm.
 {¶ 2} On the afternoon of November 8, 2001, Patrolman Michael Janovic of the Liberty Police Department was traveling on Belmont Avenue, Liberty Township, when he observed appellant make an improper lane change. Patrolman Janovic ran a check of appellant's license plate and determined that it had expired. Patrolman Janovic then initiated a traffic stop. Appellant was unable to produce a valid driver's license or proof of insurance. Patrolman Janovic determined that appellant's driver's license was suspended. Patrolman Janovic released appellant's passenger, Cameron Wright, and placed appellant under arrest. Patrolman Janovic then conducted an inventory search of the vehicle and discovered a bag containing crack cocaine wedged in the driver's seat.
 {¶ 3} Appellant was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(b). Appellant was convicted following a jury trial. The trial court conducted a sentencing hearing and subsequently sentenced appellant to the maximum sentence of eighteen months. Appellant filed a timely appeal raising two assignments of error:
 {¶ 4} "[1.] The trial court erred, by clear and convincing evidence, by imposing the maximum sentence upon appellant.
 {¶ 5} "[2.] The appellant's conviction is against the manifest weight of the evidence."
 {¶ 6} In his first assignment of error appellant argues that the trial court erred when it failed to make the requisite findings pursuant to R.C. 2929.14(C) in the judgment entry of sentence and by failing to provide any reason in support of its finding that appellant posed the greatest likelihood of recidivism. We disagree.
 {¶ 7} We review a felony sentence de novo. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, 1. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 8} R.C. 2929.14(C) provides in relevant part:
 {¶ 9} "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
 {¶ 10} R.C. 2929.19(B)(2) provides:
 {¶ 11} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 12} "(a) * * *
 {¶ 13} "(b) * * *
 {¶ 14} "(c) * * *
 {¶ 15} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense * * *, its reasons for imposing the maximum prison term[.]"
 {¶ 16} A trial court is required to make its findings in support of its sentence on the record, at the sentencing hearing. See, generally, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. In the instant case, appellant argues that the trial court is also required to state its reasoning in the judgment entry of sentence. We read Comer to require only that the findings and reasons be stated on the record at the sentencing hearing. Id. at ¶ 20. While the better practice would be for the court to state its findings and reasoning at both the hearing and in the sentencing entry, only the former is required. Here, the trial court stated its findings on the record at the sentencing hearing.
 {¶ 17} Further, the trial court stated its reason for imposing the maximum sentence, i.e., appellant's lengthy criminal record and the fact that appellant had previously served two terms of imprisonment. Appellant's first assignment of error is without merit.
 {¶ 18} In his second assignment of error appellant argues that his conviction is against the manifest weight of the evidence. We may find that a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We should only exercise this discretionary power in those exceptional cases where the evidence weighs heavily against conviction. Id. See, also, State v. Thompkins
(1997), 78 Ohio St.3d 380, 387.
 {¶ 19} Appellant contends that his testimony demonstrated that Wright must have placed the bag of crack cocaine on appellant's seat and thus, the verdict is against the manifest weight of the evidence. A review of the record demonstrates that the jury did not clearly lose its way or create a manifest miscarriage of justice. Patrolman Janovic testified that he found the crack cocaine stuffed in the crack of the seat in which appellant was sitting. Appellant admitted that he did not see Wright place the cocaine there. Thus, we cannot say that the verdict is against the manifest weight of the evidence. Appellant's second assignment of error is without merit and the judgment of the Trumbull County Court of Common Pleas is affirmed.
Judgment affirmed.
Christley and Grendell, JJ., concur.
Nader, J., retired, Eleventh Appellate District, sitting by assignment.